◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL D. SCHERZ, on Behalf of HERIBERTO ALAMO, Appellant, v JOSEPH DENNISON, as Director of Bronx Residential Center, Respondent. [618 NYS2d 289] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered October 21, 1993, denying

petitioner-appellant's petition for a writ of habeas corpus, unanimously affirmed, without costs.

We review this appeal despite the fact that petitioner has already been released from detention because it raises important issues " 'capable of repetition, yet evading review' " *(Schall v Martin,* 467 US 253, 280). Initially, we note that 9 NYCRR part 169 does not preclude a releasee from presenting mitigating circumstances at a fact-finding hearing and that petitioner herein offered no such circumstances that the Hearing Officer might have taken into account prior to a determination, based upon substantial evidence (indeed, overwhelming evidence), that petitioner had violated the conditions of his conditional release.

There is no question that due process considerations apply to juvenile proceedings *(Schall v Martin, supra,* at 263). However, whether or not a juvenile detention proceeding passes Constitutional muster is determined on a case-by-case basis *(supra,* at 273-274). And due process does not require a *sentencing* court to consider alternatives to incarceration before revoking probation or parole *(Black v Romano,* 471 US 606, 611). Petitioner's argument that juvenile conditional release revocation proceedings should mirror adult parole revocation proceedings, neglects the reality that "the State's relationship to and responsibilities concerning adult prisoners are markedly disparate from its position and duty with respect to delinquent children" *(Robilotto v State of New York,* 104 Misc 2d 713, 721), and that a child on conditional release remains the responsibility of the State for the period of the order of placement *(supra,* at 718). Moreover, the administrative procedures herein included notice of charges, right to counsel at a fact-finding hearing, and the opportunity to present evidence in chief and in rebuttal to assure that the Hearing Officer was accurately informed of the facts. Such procedures fully comply with the essence of due process by providing a person in jeopardy of loss of conditional release with notice of the case against him and a meaningful opportunity to present his case *(see, Mathews v Eldridge,* 424 US 319, 348-349). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.