OPINION OF THE COURT
Paul E. Kowtna, J.
The defendant in the above-captioned matter was charged with, and has been convicted of, two counts of sexual abuse in *943 the first degree, two class D felonies, and sentenced to probation upon the recommendation of the District Attorney. Since a sentence of incarceration is not being imposed, this court is required, pursuant to the provisions of the Sex Offender Registration Act (Correction Law art 6-C), to independently determine the duration of registration and level of notification appropriate for this defendant. (Correctional Law § 168-d [3].) In order to do this, the statute requires this court to apply the guidelines, established by the Board of Examiners of Sex Offenders, for assessing the risk of a repeat offense and the threat posed to the public safety by a particular defendant. (Correction Law § 168-d [3]; § 168-Z [5].)
Pursuant to subdivision (3) of section 168-d of the Correction Law, at the time of the defendant’s sentencing, this court conducted a proceeding at which the defendant, his legal counsel, and the prosecutor were present. Each side was granted an opportunity to discuss the various risk factors listed on the "Sex Offender Registration Act Risk Assessment Instrument” promulgated by the Board of Examiners of Sex Offenders, and to present their respective positions regarding the proper analysis of those factors in this case. After hearing and considering the arguments of counsel, this court utilized the "Risk Assessment Instrument” to assign numerical values to those specific risk factors found apposite to this defendant and to the particular facts and circumstances of the sex crimes for which he stands convicted. For the reasons set forth in the record, this court has determined that a total of 65 points applies herein. That total represents a "presumptive risk level”, calculated by adding the respective numerical values assigned to each risk factor found by this court to be applicable to this defendant and to the facts and circumstances of this case. This quantification is then to be used to determine the duration and extent of the defendant’s duty to register as a sex offender with law enforcement authorities and the amount of information which can be disseminated about him to the public, by numerically consigning the defendant to one of the three general "levels of notification” established by the statute. (See, Correction Law § 168-l [6].) Neither party has challenged the foregoing calculation of the "presumptive risk level”, which would consign this defendant to the minimal "level one” category of notification.
However, the matter does not necessarily end there. The risk level calculated from aggregating the numerical values as *944 signed to the applicable risk factors is " 'presumptive’ ” only. The court may depart from it, up or down, if "special circumstances” warrant such a departure. "The ability to depart is premised on a recognition that an objective instrument, no matter how well designed, will not fully capture the nuances of every case;” a court is therefore permitted to bring its sound judgment and expertise to bear on an otherwise coldly objective exercise which seeks to quantify that which may prove to be highly subjective. (Sex Offender Registration Act, Risk Assessment Guidelines & Commentary, Jan. 1996, at 4.)
Factor four of the "Risk Assessment Guidelines” is entitled the "Duration of Offense Conduct with Victim.” This factor assigns a numerical value of 20 added to an offender’s presumptive risk level where the offender has engaged in "a continuing course of sexual misconduct with the same victim.” The commentary states that this factor was designed with the intention to encompass particularly those sex offenders who prey on young children and manifest their "compulsive behavior” by engaging in "a continuing course of sexual misconduct” with the same victim. A continuing course of sexual misconduct is then defined as either, "(i) two or more acts of sexual misconduct, at least one of which is an act of sexual intercourse, deviate sexual intercourse, or aggravated sexual abuse, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual misconduct over a period of at least two weeks.” (Risk Assessment Guidelines & Commentary, op. cit., at 10.)
In the instant case, the facts indicate that the defendant engaged in sexual misconduct on two separate occasions with two different individuals (children, aged five and seven years respectively) over a period of several months. (See, Penal Law § 130.65.) This conduct does not precisely fit the above-quoted definition of a "continuing course of sexual misconduct”, and, therefore, does not satisfy the requirements of this risk factor in all respects. The "Risk Assessment Instrument” does not allow for a partial assignment of points to a sex offender’s "presumptive risk level” for conduct which is similar to, but not completely consistent with, the conduct defined by a particular risk factor. (Risk Assessment Guidelines & Commentary, op. cit., at 3, n 5.) Moreover, this court has no intention of attempting to parcel out points without guidance from those experts who formulated this elaborate and intricate system in the first instance.
Notwithstanding the result obtained in quantifying the "presumptive risk level”, the court still bears the ultimate *945 responsibility of finally determining the duration of registration and extent of notification appropriate for a particular defendant. (Correction Law § 168-d [3]; § 168-n.) To that end, the court is empowered to exercise its judicial discretion and to increase or decrease that degree of notification which the arithmetic calculation of the "presumptive risk level” suggests would be sufficient, where circumstances and the court’s "sound judgment and * * * expertise” indicate such a course to be warranted. In the instant case, in light of the totality of the circumstances, this court deems it appropriate, in the exercise of its judicial discretion, to raise the risk level at which this defendant is classified. Specifically, this defendant did not engage in a single, isolated incident of aberrant behavior. Rather, his conduct was repetitive; he engaged in sexual misconduct on two separate occasions, with two different (but both very young) victims, over a period of several months. That he did not engage in a third may well be a function of having been stopped rather than of stopping himself. It is this court’s conclusion that the potential threat posed by this defendant to the safety of the very young warrants more than merely a minimal dissemination of information about him to the public.
Accordingly, although the calculation of the "presumptive risk level” herein indicates that minimal, level one registration and notification might be sufficient, based upon all of the foregoing, this court will classify this defendant at risk level two.