OPINION OF THE COURT
Gerald Sheindlin, J.
Having completed his prison term for a conviction of two sexual offenses, the defendant was referred to this court for a determination as to the risk level to be assigned pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). The defendant appeared and an attorney was assigned to represent him at the hearing. The court then ordered the de *338 fendant to return in three days for the hearing. The defendant failed to appear on the adjourn date. The court is thus presented with an issue of first impression under the new statute, to wit: does the defendant’s failure to appear constitute a forfeiture of his rights under the statute? This written decision supplements the oral decision previously rendered wherein the court determined that the defendant forfeited his right to appear and assigned a level three risk designation.
FINDINGS OF FACT
On November 11, 1993, the defendant pleaded guilty to two counts of sexual abuse in the first degree. He was sentenced as a second felony offender to two concurrent prison terms of three to six years. On May 15,1996, the defendant was released from jail. On May 20, 1996, the Board of Examiners of Sex Offenders forwarded its recommendation as to the defendant’s risk level to the clerk of this court pursuant to the Sex Offender Registration Act.[1]
By letter dated June 19, 1996 the clerk notified the defendant, his attorney of record, and the District Attorney that the court would determine the defendant’s risk level on July 8, 1996 at 9:30 a.m. The defendant appeared on the aforementioned date and time. The court informed him that the Board had recommended a level three risk and that a hearing would be held on July 11, 1996 to consider that recommendation. An attorney, later present in court, was immediately assigned to represent him at the hearing and was provided with the Board’s assessment of the risk factors. The court thereafter gave the defendant the assigned attorney’s business card and ordered him to return to court on July 11, 1996 at 9:30 a.m. for the hearing. The defendant failed to appear on the adjourned date. The attorney appeared and informed the court that the defendant had never contacted him. The court evaluated and thereafter accepted the Board of Examiners of Sex Offenders’ recommendation and assigned a level three risk designation to the defendant.
CONCLUSIONS OF LAW
In cases where a defendant has been convicted of a sex crime and sentenced to incarceration, the Sex Offender Registration Act requires the Board of Examiners of Sex Offenders to make *339 a recommendation of the defendant’s risk of committing another sexual offense to the sentencing court. (Correction Law § 168-Z [6].) The court thereafter must make a final determination as to the offender’s risk level. (Correction Law § 168-n.) In making its determination, the court "shall * * * allow the sex offender to appear and be heard, and inform the sex offender of his right to have counsel appointed, if necessary.” (Correction Law § 168-n [3].)[2]
The plain language of this subdivision is permissive and not mandatory. The court must allow the appearance and statement of the offender. However, he is not absolutely required.to be present for the proceeding. Comparison to other sections of the Criminal Procedure Law supports this conclusion. A "defendant must be personally present during the trial of an indictment.” (CPL 260.20.) A defendant "must appear” in court on a hearing on a violation of probation. (CPL 410.70 [2].) Unlike the instant statute, these other provisions employ the directive "must.”
The nature of the hearing to be conducted supports the conclusion that the defendant may forfeit his statutory rights by failing to appear. The hearing is part of a criminal proceeding but not part of a criminal action. (Compare, CPL 1.20 [18], with CPL 1.20 [16].) As one of the first courts interpreting the statute has stated: "This posttrial, postconviction hearing is not for adjudicating guilt but rather for supervising release offenders.” (People v Ross, 169 Misc 2d 308, 312;[3] see also, Matter of Darvin M. v Jacobs, 69 NY2d 957, 959 [1987] [a probation revocation hearing is a criminal proceeding brought after the completion of a criminal action "to determine if defendant’s subsequent acts violate the conditions of the original sentence [and] not whether the acts constitute a crime”].)
Like other criminal proceedings, the hearing contemplated by this statute does not litigate guilt or nonguilt but: "is a *340 summary proceeding which does not trigger strict evidentiary rules or all the procedural safeguards available to a defendant in a criminal action, and [the] statutory and due process rights are met as long as a defendant is given formal notice of the charges, along with an opportunity to be heard and to confront the witnesses against him.” (People v Recor, 209 AD2d 831 [3d Dept 1994] [discussing violation of probation hearings].) Accordingly, one of the first courts interpreting this statute has determined that: "only the constitutional requirements of due process, notice and an opportunity to be heard are mandated.” "Due process requires that the offender be given notice of the proposed classification, the basis for the Board’s determination and an opportunity to present evidence at the determinative hearing.” (People v Ross, supra, at 311-312.) Consequently, the Board’s recommendations should be reviewed only for arbitrariness and capriciousness and otherwise should be upheld. (People v Ross, supra.)
In the instant case, the offender was given notice that he had the opportunity to be heard when he received the letter informing him of the hearing to be conducted. When he appeared in court on July 8, 1996, he was informed of the Board’s proposed classification. His attorney was provided with the basis for the Board’s recommendation to enable him to prepare for the hearing. Therefore, all constitutional requirements of due process, notice and the opportunity to be heard were satisfied in this case.
While the defendant has the right to appear for this hearing, this court finds that he forfeited his right by failing to appear after being personally notified of all essential facts: (1) date and time of the hearing; (2) the Board’s recommended classification; and (3) the name, address and telephone number of the attorney assigned to him. The statute does not indicate any requirements for the hearing. It does not appear to contemplate a hearing at which witnesses will be called and cross-examined. For example, it is silent as to whether the hearing is adversarial or what evidence is admissible. (Correction Law § 168-n [3].)
This hearing differs from a trial wherein the right to appear is encompassed within the Confrontation Clauses of the Federal and State Constitutions and waiver must be tested according to constitutional standards. (See, People v Parker, 57 NY2d 136, 140 [1982].) The situation herein is more akin to forfeiture. A right to be present may be lost based on public policy when a defendant’s "conduct unambiguously indicates a defiance of *341 the processes of law” and disrupts the court proceeding. (People v Sanchez, 65 NY2d 436, 444 [1985] [defendants who left courtroom shortly after trial began or after being told trial would begin forfeited right to be present at trial]; see also, People v Corley, 67 NY2d 105, 109-110 [1986] [defendant absconded for sentencing, thereby frustrating scheduled proceedings before the court and forfeiting his right to be present]; People v Smith, 66 NY2d 755, 756 [1985] [defendant absconding after third day of hearing forfeited his right to be present].)
For the foregoing reasons, the defendant’s failure to appear in court on the adjourn date unambiguously demonstrates a defiance of the court’s order and constitutes a forfeiture of his right to be present at the hearing to determine the risk level to be assigned.
Acccordingly, the court has considered and weighed the classification recommended by the Board and finds that a level three risk is not arbitrary, capricious or unreasonable. Therefore, this court adopts and assigns to the defendant the recommended level three risk designation pursuant to Correction Law § 168-n (2).

. As the Board commenced its work on the date the law became effective, its initial evaluations were not completed within the statutory time frame. (See, Correction Law § 168-m.)

. The court shall also review "any materials submitted by the sex offender.” (Correction Law § 168-n [3].)

. Courts have recently begun interpreting different aspects of the statute. (See generally, People v Lombardo, 167 Misc 2d 942 [Nassau County Ct 1996] [court found interests of justice required raising risk level from level one, which was suggested by the numerical calculation, to level two, which the court’s judgment and expertise found was warranted by the surrounding circumstances]; People v Jones, NYLJ, Apr. 17,1996, at 31, col 3 [court denied defendant’s application to be relieved of his obligation to register noting that a declaration of delinquency charging failure to attend and satisfactorily participate in sex offender treatment had been filed within the first six months of his probation].)