OPINION OF THE COURT
Carolyn E. Demarest, J.
*477 Curtis Jackson was arrested on July 17, 1983, and pleaded guilty to rape in the first degree on November 18, 1983. On December 7, 1983, defendant was sentenced to an indeterminate term of 6 to 12 years. On April 19, 1996, defendant was released from prison on parole supervision but violated the conditions of parole and was returned to custody on August 19, 1996. He was finally released on November 12, 1996, upon maximum expiration of his sentence. According to the probation report dated December 6, 1983, and the case summary supplied by the Board of Examiners of Sex Offenders (Board), defendant raped the 11-year-old daughter of his ex-girlfriend after pushing her down and threatening to kill her. Although notified to appear pursuant to Correction Law § 168-n, defendant has failed to appear personally to address the issue of his risk level under the Sex Offender Registration Act (Correction Law art 6-C [the Act]). His court-appointed attorney has filed this motion to dismiss the proceeding for judicial determination of risk pursuant to Correction Law § 168 et seq. Contending that he no longer has a duty to inform his parole officer of a possible change in address since his parole period expired a month prior to the letter being sent to his home, defendant argues that the risk assessment proceeding should be dismissed for lack of personal jurisdiction over him. The People, appearing by the Office of the State Attorney-General, contend that defendant was given proper notice pursuant to the statute and has waived his right to appear and be heard at the risk assessment hearing by failing to appear. The People argue that defendant’s duty to register continues even though the period of his parole has ended.
New York’s Sex Offender Registration Act, commonly known as “Megan’s Law”, requires individuals convicted of designated sex offenses to register with the Division of Criminal Justice Services (DCJS) following release from custody. The Act became effective January 21, 1996. The statute establishes a Board of Examiners of Sex Offenders to evaluate each case to assess the risk of a repeat sex offense and the threat to the public safety. Upon an evaluation of several factors resulting in a numerical score, a risk level ’is recommended which establishes the offender’s obligations to register with the authorities and the extent of notice to the community as to his whereabouts. (Correction Law § 168-L) The Board’s recommendation is subject to independent judicial review and confirmation or modification after affording the defendant an opportunity to be heard. (Correction Law § 168-n.)
*478 The Act requires sex offenders, including those already incarcerated when the Act took effect, to register with DCJS within 10 days after discharge, parole, or release. (Correction Law § 168-e [1]; § 168-f [1].) Sex offenders who were “on parole or probation” on the effective date of the Act are required to register as well. (Correction Law § 168-g [2].) All convicted sex offenders must register annually for 10 years from the date of initial registration as well as “within ten calendar days prior to any change of address.” (Correction Law § 168-f [4]; § 168-f [2]; § 168-h.) A sexually violent predator must also verify his address quarterly for a minimum of 10 years. (Correction Law § 168-h.) Failure to register is a class A misdemeanor for a first offense and a class D felony for subsequent offenses. Such failure may also be considered a violation of parole or probation. Offenders must register periodically and upon any relocation or other change óf condition. The sentencing court may relieve an offender from the duty to register upon the offender’s petition. An updated report from the Board of Examiners is necessary to the court’s determination. (Correction Law § 168-0.)
Defendant Jackson filed the “Sex Offender Registration Form” with DCJS prior to his initial parole release, on April 4, 1996, verifying his address as 235 Halsey Street, apartment No. 1, Brooklyn, New York, no zip code. This form specifically states that defendant must notify DCJS of any address change. Defendant was released on parole on April 19, 1996. On August 19, 1996, as a result of a violation of parole, defendant was returned to the Department of Correctional Services. He was released again on November 12, 1996, the maximum expiration date of his sentence. Prior to his release, defendant again registered with DCJS by form dated October 25, 1996, which also verified his address as 235 Halsey Street, Brooklyn, New York 11216.
Pursuant to the provisions of the Act, the Board reviewed defendant’s court and prison files and recommended that he be classified as a level three sex offender based upon his total risk factor score of 130. The score was based upon defendant’s violent contact with the victim who was 11 years old (55 points), defendant’s prior criminal history (40 points), history of drug and alcohol abuse (15 points), and defendant’s prison conduct and lack of acceptance of responsibility for his crimes (20 points). The point range for adjudication as a level three offender is 110 to 300. On November 18, 1996, the Board sent a copy of the Risk Assessment Instrument to the sentencing court for the court to make a final determination of the risk level. *479 The Board advised the court that defendant had indicated that he will reside at 235 Halsey Street, apartment No. 1, Brooklyn, New York 11215 (not 11216 as specified by defendant on Oct. 25, 1996).*
On or about December 13, 1996, the court sent a letter to defendant at 235 Halsey Street, apartment 1, Brooklyn, New York 11215, informing him that the risk assessment hearing was scheduled for January 31, 1997, in Part 16, room 756 of 360 Adams Street. The notice was not returned and is presinned to have been delivered. Defendant did not appear at the risk assessment hearing on January 31, 1997, nor has he appeared on any of the nine subsequent court dates through March 20, 1998. Defendant filed an annual address verification form dated April 3, 1997, which listed his address as 235 Halsey Street, apartment 1, Brooklyn, New York 10021 (the first time this zip code is provided). Although the zip code is different on each piece of paper sent to defendant from the Board, DCJS and this court, his attorney has not challenged his presumed receipt of any of the documents, including notice of the January 31, 1997 scheduled court appearance, but argues that the form of notice was insufficient to confer jurisdiction upon the court. When questioned on March 20,1998, regarding counsel’s efforts to communicate with her client, Ms. Dupont reiterated the position that it was not counsel’s, but the State’s, burden to provide personal notice to the defendant.
Defendant mistakenly relies on People v Brasier (169 Misc 2d 337, 340 [Sup Ct, Bronx County 1996]), as a basis for his argument that he must be personally notified of proceedings against him. Contrary to defendant’s assertions, Correction Law § 168-n (3) does not require personal service of notice of a pending hearing. The court’s statement that defendant be “personally notified of all essential facts” is not tantamount to requiring personal service. (Supra.) “The statute does not specify any requirements and therefore only the constitutional requirements of due process, notice and an opportunity to be heard are mandated”. (People v Ross, 169 Misc 2d 308, 311-312 [Sup Ct, NY County 1996].) “Due process requires that the offender be given notice of the proposed classification, the basis
*480 for the Board’s determination and an opportunity to present evidence at the determinative hearing”. (Supra, at 311.) Although the court in Brasier stated that formal notice is required, in that case the court found notification by letter was sufficient. (People v Brasier, 169 Misc 2d, supra, at 340.)
In light of the fact that the court sent notice of the pending hearing, in compliance with Correction Law § 168-n (3), to the address he supplied, he is deemed to have received notice of the risk assessment hearing and the court has personal jurisdiction over him. Furthermore, on the effective date of the Act, January 21, 1996, defendant was incarcerated and clearly within the jurisdiction of this court. Having been afforded due process, his failure to appear at the risk assessment summary proceeding is therefore deemed a waiver of his right to contest any such assessment rendered. (See, People v Brasier, supra, at 341.)
Although defendant may no longer have had a duty to inform his parole officer of his address as of November 12, 1996, he still has a duty to inform DCJS. Correction Law § 168-h is clear: it requires that a defendant register and verify his/her address for 10 years after the initial date of registration. The Second Circuit Court of Appeals has sustained the constitutionality of the retroactive application of New York’s Sex Offender Registration Act to sex offenders incarcerated at the time of enactment. (Doe v Pataki, 120 F3d 1263, 1284-1285 [2d Cir 1997], cert denied — US —, 118 S Ct 1066 [1998].) The Court of Appeals ruled that the registration requirements of the Act do not offend the due process protections imbued in the Ex Post Facto Clause. The court reasoned that “the burdens of registration are not ‘so punitive in form or effect’ as to transform this regulatory measure into a punitive one.” (Supra, at 1285.) In rejecting a criminal appeal from a risk level designation, the New York Court of Appeals has also ruled that the Act is predominantly regulatory and that the determination of risk is not part of a criminal action. (People v Stevens, 91 NY2d 270 [1998].)
However, on the eve of publishing the written decision previously rendered orally on February 27 in open court denying defendant’s motion to dismiss for lack of jurisdiction, a temporary restraining order was issued by Federal District Judge Denny Chin directing that: “with respect to individuals who were convicted of designated sex offenses prior to and who were incarcerated as of January 21, 1996, and who thereafter received or will receive judicial risk classifications pursuant to *481 Correction Law § 168-n, defendants [including New York State Board of Examiners of Sex Offenders] shall classify all such individuals, for purposes of community notification, at no higher than risk level one, pending further order of this Court, unless such registrant previously received, or until such time that the registrant hereafter receives, proper prior notice and an opportunity to be heard before a court, including (a) notice prior to the hearing specifying the Board’s risk level recommendation, the reasons therefor, and the extent of community notification procedures that would be followed for an individual at that level, and (b) the presentation by the state * * * of clear and convincing evidence that the registrant should be classified level two or three.” (Doe v Pataki, US Dist Ct, SD NY, Mar. 17, 1998, Chin J., 96 Civ 1657.)
As this court has previously ruled, defendant Jackson, although clearly within the purview of the quoted restraining order, has been provided with adequate notice in the circumstances and is deemed to have waived the right to contest the Board-recommended risk level designation by failing to appear. However, it has been ascertained through the Office of the Attorney-General that a copy of the Risk Assessment Instrument was not provided to defendant by the Board, nor did the court annex this form to its notice to defendant. Defendant was not, therefore, adequately apprised of the issues to be determined at the hearing in accordance with Judge Chin’s ruling. Accordingly, in compliance with Judge Chin’s restraining order, this court sent another notice to defendant Jackson at 235 Halsey Street, apartment 1, Brooklyn, New York 11216, annexing a copy of the relevant portions of Correction Law § 168 et seq. defining the obligations under each risk level and a copy of the Risk Assessment Instrument which contains all of the factors to be considered by the court in making its own independent evaluation, and setting this matter down to be heard yet again in Part 16 of New York State Supreme Court, room 756 of 360 Adams Street, Brooklyn, New York, at 9:30 a.m. on April 15, 1998.
On April 15, 1998, defendant failed to appear in response to this new notice. His counsel did appear on his behalf but had no information to offer regarding her client’s absence. The court began the call of this case at 9:30 a.m. and repeated the call several times throughout the day, concluding at 5:30 p.m. Upon defendant’s failure to respond, he is deemed to have waived his right to offer evidence or object to the recommended risk level.
Upon review of the case summary provided by the Board, the original probation report and all the factors to be considered, *482 including defendant Jackson’s legal history (see, Correction Law § 168-/ [5]), the court finds overwhelming, as well as clear and convincing, evidence to confirm the Board’s level three risk recommendation and adjudicate him a sexually violent predator. Defendant is accordingly directed to personally register and verify his address with the local law enforcement agency every 90 calendar days. (Correction Law § 168-f [3].) Information as to his whereabouts may be provided in accordance with Correction Law § 168-/ (6) (c).
Defendant’s motion to dismiss is denied in its entirety.

 The variation in the zip code is apparently a typo by the Board as the Post Office Customer Assistance operator has confirmed that the correct zip code for the given address is 11216. Post Office Customer Assistance has also advised the court that when the wrong zip code is given, it is manually corrected and is then delivered as a matter of routine procedure as per the Post Office Domestic Mail Manual.