OPINION OF THE COURT
Paul E. Kowtna, J.
The defendant in the above-captioned matter was charged with sodomy in the first degree (six counts) and kidnapping in the second degree (one count) and convicted of sodomy in the first degree (one count). Thereafter the defendant was sentenced to a period of 6 to 18 years’ incarceration.
The defendant has now completed his sentence of incarceration and is subject to release. The recommendation of the Board of Examiners of Sex Offenders (hereinafter referred to as the Board) must be reviewed and a determination made concerning the risk assessment level to be assigned to the defendant, by the court, pursuant to the Sex Offender Registration Act (Correction Law art 6-C). In order to do this, the court is required to make a finding, supported by clear and convincing evidence, with respect to the level of risk.
The defendant was assigned counsel and given the opportunity to challenge the assessment in a hearing conducted by this court on June 25, 1998 and July 2, 1998. This court has reviewed items introduced into evidence including the May 12, 1987 plea minutes, the June 10, 1987 sentence minutes, the Grand Jury minutes of this case, the disciplinary history of the defendant, the defendant’s statement made at the time of his arrest as well as five photographs taken of the victim shortly after the incident. These photos reveal marks on both the victim’s hands and legs as a result of being bound during the 11 hours that he was sexually attacked. In addition, Detective Bruce Pollett, the detective who took the defendant’s confession, testified and was subjected to cross-examination.
Defendant does not challenge the 105 points found by the Board of Examiners of Sex Offenders but does challenge the *420 recommendation of a departure from a risk level 2 to a risk level 3 based on the extreme violence and duration of this extended sexual attack. Furthermore, defendant seeks to call the victim as a witness to establish facts which he feels would be favorable to him in the over-all review of the risk assessment.
 For reasons set forth in this opinion, the court finds that the record contains sufficient clear and convincing evidence to support the court’s confirmation of the Board’s determination that the defendant should be assigned a risk level 3. Furthermore, this court specifically denies to the defendant the right to call the victim as a witness in this hearing.
The testimony and the exhibits introduced into evidence establish that this defendant joined with another and engaged in an 11-hour sexual assault of a 14-year-old male victim. The victim was lured into the codefendant’s place of employment, threatened with a deadly weapon, bound and gagged. The defendant then joined with the codefendant in perpetrating the extended sexual assault. It is noted in the case summary that after this event, the victim was so traumatized and frightened that it took several hours to convince him to press charges.
The evidentiary burden to establish risk factors is clear and convincing evidence. (Doe v Pataki, 3 F Supp 2d 456.) The Risk Assessment Guidelines and Commentary (at 2 [1997 ed]) outlines how the court is to evaluate the threat posed by a sex offender relating to (1) the offender’s likelihood of reoffending, and (2) the harm that would be inflicted if there were to be a reoffense. The function of this review procedure is to assess the defendant in order to protect the public; it was not created to place additional burdens on victims of these crimes. To this end the statute itself (Correction Law § 168-n [3]) specifically provides that a victim’s statement and other material (People v Stevens, 91 NY2d 270) may be considered.
This court notes that in addition to the factors established regarding the nature of the incident, records of the defendant’s behavior while incarcerated were also included without objection. These revealed numerous incidents of vandalism, stealing or fighting, creating a disturbance and assaulting other inmates, all situations which this court believes establishes a 10-point risk factor of unsatisfactory conduct while supervised, making a total of 115 points. This court would also point out as it did in the Lombardo case, “[notwithstanding the result obtained in quantifying the ‘presumptive risk level’, the court still bears the ultimate responsibility of finally determining the *421 duration of registration and extent of notification appropriate for a particular defendant. (Correction Law § 168-d [3]; § 168-n.) To that end, the court is empowered to exercise its judicial discretion and to increase or decrease that degree of notification which the arithmetic calculation of the ‘presumptive risk level’ suggests would be sufficient, where circumstances and the court’s ‘sound judgment and * * * expertise’ indicate such a course to be warranted. In the instant case, in light of the totality of the circumstances, this court deems it appropriate, in the exercise of its judicial discretion, to raise the risk level at which this defendant is classified.” (People v Lombardo, 167 Misc 2d 942, 944-945.)
Furthermore, this court believes that the evidence clearly establishes an aggravating element in that the crime committed involved extreme violence and sadism. Therefore irrespective of total point amounts, a risk level 3 is appropriate.
With respect to the request of the defendant to call the victim as a witness, this court notes that at the time the Sex Offender Registration Act was introduced, the New York State Senate Memorandum in Support stated, “Protecting the public, especially children, from sex offenders is a primary governmental interest and the registration of convicted sex offenders reentering the community is a control that helps protect individuals from victimization. This bill, with provisions based on the federal law and experiences of other states, represents a balanced and comprehensive approach to this effort.” (Mem of Senate in Support, at 2, Bill Jacket, L 1995, ch 192 [emphasis added].) Clearly if this court allowed the defense to call the victim as a witness in this hearing it would be violating the spirit of the Sex Offender Registration Act and undermining the intent of the Legislature. Moreover, where the People have met their burden for upward departure by clear and convincing evidence as they have in this instance, the defendant has no automatic right to call the civilian witness at the hearing. (People v Chipp, 75 NY2d 327 [1990].) It would serve no useful purpose to subject this victim to an examination in open court which would only revive this tragic experience and further traumatize him.