JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Douglas Beckley ("Beckley") appeals the decision of the Cuyahoga County Court of Common Pleas which denied Beckley's motion to dismiss alleging that R.C. 2950.04
violates due process and appeals his conviction. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. In December 1992, Beckley was adjudicated delinquent in Vancouver, Washington, for two counts of child molestation. On February 5, 1993, Beckley signed the "Notice of Sex Offender Registration Requirements," pursuant to the Revised Code of Washington, and was placed under a continuing duty to register as a sex offender for a period of fifteen years. This notice provided that Beckley did not have to register again unless he moved. If he moved, he was required to notify his former county of residence of his new address and the new county of his sex offender status and new place of residence.
 {¶ 3} Beckley last registered with the Clark County Sheriff's Department in Washington in 1998. In 1999, Beckley obtained an Ohio's driver's license. Beckley never reported his move from Clark County, Washington. In June 2002, Ohio law enforcement officials became aware of Beckley's presence when he was issued a citation for a Willoughby Hills traffic infraction.
 {¶ 4} On February 20, 2003, Beckley was indicted by the Cuyahoga County Grand Jury with one count of failure to register in violation of R.C. 2950.04. Beckley filed a motion to dismiss arguing that R.C. 2950.04 violates due process because it imposes criminal liability for failure to register as a sex offender, regardless of notice or scienter. The court denied this motion.
 {¶ 5} On May 14, 2003, Beckley entered a plea of no contest to the indictment, and was subsequently found guilty and sentenced to six months of supervision by the probation department. Beckley timely appeals the decision of the trial court and advances one assignment of error for our review.
 {¶ 6} "I.R.C. 2950.04 violates due process because it imposes criminal liability for failure to register as a sex offender, regardless of notice or scienter, contrary to Lambert v.California (1958), 355 U.S. 255."
 {¶ 7} The standard of review for resolving this error is discretionary. We give substantial deference to the trial court unless we determine that the court's ruling was an abuse of discretion. State v. Tankers (1998), Cuyahoga County App. Nos. 72398 and 72399. "The term abuse of discretion connotes more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Nielson v. Meeker
(1996), 112 Ohio App.3d 448, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217." An abuse of discretion * * * implies a decision which is without a reasonable basis or one which is clearly wrong." Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159.
 {¶ 8} As a general rule, statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, paragraph one of the syllabus. "A regularly * * * enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and a particular provision or provisions of the Constitution." Xenia v. Schmidt (1920),101 Ohio St. 437. Accordingly, we begin with a strong presumption that R.C.2950.04 is constitutional.
 {¶ 9} R.C. 2950.04 states in pertinent part:
 {¶ 10} "Regardless of when the sexually oriented offense was committed, a person who is convicted of, pleads guilty to, or is adjudicated a delinquent child for committing a sexually oriented offense in another state * * *, on or after July 1, 1997, for offenders, or January 1, 2002, for delinquent children, the offender or delinquent child moves to and resides in this state or temporarily is domiciled in this state for more than seven days, and if, at the time the offender or delinquent child moves to and resides in this state or temporarily is domiciled in this state for more than seven days, the offender or delinquent child has a duty to register as a sex offender under the law of that other jurisdiction as a result of the conviction, guilty plea, or adjudication."
 {¶ 11} R.C. 2950.04 does not contain a provision for notification of sex offenders moving into Ohio from another state regarding Ohio's registration requirements. Beckley argues that R.C. 2950.04 violates due process according to Lambert v.California (1958), 355 U.S. 255, because it imposes strict liability for an omission regardless of notice or scienter; as a result, he is unable to argue that he lacked notice or probability of notice. Beckley cites several cases from other states in which it has been found that the state's sex offender registration statute requires notice or a probability of notice pursuant to the Supreme Court's holding in Lambert.[1]
 {¶ 12} The state argues that R.C. 2950.04 is distinguishable from the ordinance in Lambert, and the holding in Lambert
should only be construed in narrow situations. Alternatively, the state argues that if Lambert applies, then Beckley had notice or the probability of notice. We find that the instant case is distinguishable from Lambert; however, due process still requires proof of notice or the probability of notice, which is present in this case.
 {¶ 13} In Lambert v. California (1957), 355 U.S. 225, the United States Supreme Court confronted the issue of whether a municipal ordinance imposing a registration requirement on convicted felons who remained in the city of Los Angeles for more than five days violated due process. The Court acknowledged that firmly rooted in our law is the notion that "ignorance of the law will not excuse." Id. at 228. However, the Court stated, "Engrained in our concept of due process is the requirement of notice." Id. The Court held that "actual knowledge of the duty to register or proof of the probability of such knowledge andsubsequent failure to comply are necessary before a conviction under the ordinance can stand * * *. Where a person did not know of the duty to register and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process." Id. at 229. (Emphasis added.)
 {¶ 14} The Lambert decision rested on three factors: (1) the conduct involved was passive; (2) the situation addressed by the ordinance, conviction of a felony, would not move someone to inquire as to the applicable law; and (3) the law was designed solely for convenience in compiling a list which might be of some assistance to law enforcement agencies. United States v. Weiler
(1972), 458 F.2d 474, 478.
 {¶ 15} In State v. Cook, 83 Ohio St.3d 404, 419,1998-Ohio-291, the Supreme Court of Ohio addressed Ohio's sex offender statute and specifically found that R.C. 2950.04 does not require scienter. Id. The court stated, "The act of failing to register alone, without more, is sufficient to trigger criminal punishment provided in R.C. 2950.99." Id. at 420. Although the statute at issue does not require the state to prove intent, due process requires that a defendant have knowledge, actual or constructive, of the statutory requirements before he can be charged and convicted of its violation. If someone by the exercise of reasonable care would have known, he is deemed to have constructive knowledge.
 {¶ 16} In the instant case, while Beckley's failure to register is passive conduct, we find that passive conduct in and of itself is not controlling. Lambert stressed the innocent nature of the defendant's conduct, which is not present in the instant case. A convicted sex offender's failure to inquire into the state's laws on registration is not wholly innocent conduct. It would be nonsensical to find that a sex offender could escape his reporting requirements by moving to Ohio, a state that does not have notice requirements for out-of-state sex offenders, and then claim ignorance or no notice." All convicted felons face the possibility that their past actions will have future consequences. * * * The harsh consequences * * * from classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of his past actions." State v. Lyttle
(Dec. 22, 1997), Butler App. No. CA97-03-060.
 {¶ 17} Beckley was notified on February 3, 1993 of his continuing duty to register as a sex offender for the next fifteen years. In this written notice of sex offender registration requirements that Beckley signed acknowledging that he was informed of his duties, it is stated that Beckley must register in any new county to which he moves within ten days and, in addition, he must also notify the county from which he is moving. Beckley last registered with the Clark County Sheriff's Department in Washington in 1998. At some point, he moved to Ohio without notifying the sheriff's department in Washington or the sheriff's department in Cuyahoga County. We find that having been notified to register as a sex offender in one state puts the offender on notice to inquire into the applicable law of the state in which he moves.
 {¶ 18} Indeed, the sex offender registration statute is not a mere convenience for law enforcement officers like the statute inLambert. Beckley's registration as a sex offender "with the sheriff's office allows law enforcement officials to remain vigilant against possible recidivism by offenders." Cook,83 Ohio St.3d at 417. Moreover, the General Assembly declared that "* * * protection of members of the public, from sexual predators and habitual sex offenders is a paramount government interest." R.C. 2950.02(A)(2).
 {¶ 19} The Ohio Supreme Court found that the inconvenience of registration is a de minimus administrative requirement.Cook, 83 Ohio St.3d at 418. "Registering does not restrain the offender in any way. Registering may cause some inconvenience for offenders. However, the inconvenience is comparable to renewing a driver's license." Id. Beckley acquired an Ohio driver's license in accordance with the law. The laws of the new state are equally important to a new resident.[2] If a sex offender moves from a state in which he has been required to register, it is logical and imperative that the offender inquire into the registration laws of the new state. A sex offender should not escape criminal responsibility when he violates one state's laws of registration and then claims ignorance of another state's laws. The classification as a sex offender does not disappear when the offender crosses state lines. All fifty states have enacted sex offender registration laws in varying degrees in compliance with the Jacob Wetterling Act. See 42 U.S.C. § 14071. See People v. Ross (1996), 169 Misc.2d 308, 309 fn. 1 (listing the sex offender registration laws of all fifty states). Ohio has had a sex offender registration statute since 1963.
 {¶ 20} Therefore, we find that R.C. 2950.04 as applied to out-of-state sex offenders does not violate due process. As long as the offender is on notice from the state of conviction that the offender must register, he is on notice to inquire into the applicable law of the state to which he moves.
 {¶ 21} Beckley's only assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Dyke, J., concur.
[1] State of Florida v. Giorgetti (2004), 868 So.2d 512 (requiring the offender knows of the obligation to register);Varnes v. State (Tex.Ct.App. 2001), 63 S.W.3d 824, 831
(holding due process requires actual notice or the reasonable probability of notice before a violation of a sex offender registration statute can be prosecuted); People v. Garcia (Cal. 2001), 23 P.3d 590, 596 (holding actual knowledge of the duty to register is an element of the offense of failure to register);State v. Young (N.C.Ct.App. 2000), 535 S.E.2d 380, 386
(observing that due process requires knowledge, actual or constructive, of the statutory requirements before the offender can be charged with an offense); People v. Patterson (2000),708 N.Y.S.2d 815, 825 (the statute complies with due process because it gives express notice of registration requirements).
[2] We note that at the time of Beckley's conviction he was only eleven years of age; however, the compelling government interest in protecting the public by requiring all sex offenders, even juveniles, to register is paramount.