(March 13, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER REID, Appellant. [852 NYS2d 763]—

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication. Defendant's arguments concerning the risk factors of accep-

tance of responsibility and release without supervision are unavailing (*see People v Lewis*, 37 AD3d 689, 690 [2007], *lv denied* 8 NY3d 814 [2007]), and his arguments concerning a third risk factor are improperly raised for the first time on appeal (CPLR 4017, 5501 [a] [3]; Correction Law § 168-n [3] [SORA appeals governed by applicable CPLR provisions]; *People v Cassano*, 34 AD3d 239 [2006], *lv denied* 8 NY3d 804 [2007]).

Defendant did not establish any special circumstances warranting a downward departure from his risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Defendant's extensive record of similar acts of sexual abuse demonstrated a high risk of recidivism.

The court did not deny defendant due process of law by holding the hearing in his absence. The record establishes that he was sufficiently notified of the date of his hearing and forfeited his right to be present by not appearing (*see People v Porter*, 37 AD3d 797 [2007]; *People v Jackson*, 176 Misc 2d 476 [1998], *People v Brasier*, 169 Misc 2d 337 [1996]). Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.