People v Balmos (2024 NY Slip Op 51463(U))

[*1]

People v Balmos (Jonathan)

2024 NY Slip Op 51463(U)

Decided on October 29, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570056/20

The People of the State of New York, Respondent,
against
Jonathan Balmos, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Keshia J. Espinal, J.), entered December 20, 2019, which, after a hearing, adjudicated him a level two sex offender under the Sex Offender Registration Act (Correction Law art. 6-C).

Per Curiam.
Order (Keshia J. Espinal, J.), entered December 20, 2019, affirmed.
Defendant was properly adjudicated a level two sex offender. The court's assessment of 10 points under the risk factor for inappropriate living situation was supported by clear and convincing evidence. Defendant had no permanent address, no history of employment, stated that he had no family contacts and did not participate in community programs, and provided conflicting accounts in various Criminal Justice Agency Reports (CJA) regarding whether he had been homeless for six years or fifteen years, making it difficult to locate him if he were to reoffend (see People v Alemany, 13 NY3d 424, 430 [2009]; People v Ayala, 220 AD3d 516 [2023], lv denied 41 NY3d 907 [2024]). 
Defendant's contention that the court violated his constitutional right to due process by holding the SORA hearing in his absence is unpreserved (see e.g. People v Rosales, 133 AD3d 733 [2015], lv denied 26 NY3d 919 [2016]; People v Brown, 122 AD3d 536 [2014], lv denied 24 NY3d 915 [2015]), and we decline to review it in the interest of justice. Were we to review this contention, we would reject it. The record establishes that defendant received oral and written warnings stating that if he failed to appear, the SORA hearing would be held without him (see Correction Law § 168—n[6]; People v Reid, 49 AD3d 338, 339 [2008], lv denied 10 NY3d 713 [2008]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 29, 2024