OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
Petitioner brought a proceeding pursuant to CPLR article 78 to prohibit respondents from allowing New York City Department of Probation attorneys to participate as counsel in a probation revocation proceeding brought against him. The Appellate Division properly denied the requested relief. It cannot be said that respondent New York City Department of Probation is clearly acting "in excess of its authorized powers” *959 (Matter of Jacobs v Altman, 69 NY2d 733, 734; see, Matter of State of New York v King, 36 NY2d 59, 62) in functioning as counsel in presenting probation violations at revocation hearings (see, Executive Law §§ 243, 255 [3]; CPL 410.70; 9 NYCRR 352.1 [e]; 352.3 [b] [2]; 352.4 [a] [1]; 355.3 [b] [1]). While a District Attorney may present evidence of alleged violations at revocation hearings, the Department of Probation is not usurping authority vested exclusively in the District Attorney under County Law § 927 by participating as counsel.
A violation of probation giving rise to revocation proceedings is not a "crime” or "offense” (see, Penal Law § 10.00 [1], [6]) which, pursuant to the County Law, must be prosecuted by a District Attorney (see, County Law §§ 700, 927). Nor is a revocation proceeding a "criminal action” (CPL 1.20 [16]) under the Criminal Procedure Law at which a "prosecutor” represents the People (CPL 1.20 [31]). A "criminal action” terminates upon sentencing (see, CPL 1.20 [16]; cf, Matter of Schumer v Holtzman, 60 NY2d 46). A probation revocation, in contrast, is a "criminal proceeding” brought after the completed "criminal action” (see, CPL 1.20 [18]). Its purpose is to determine if defendant’s subsequent acts violate the conditions of the original sentence not whether the acts constitute a crime.