OPINION OF THE COURT
Jo Ann Ferdinand, J.
Defendant stands charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and criminal trespass in the third degree (Penal Law § 140.10). In a pretrial omnibus *431 motion, defendant moves to dismiss the accusatory instrument as facially insufficient.
To be facially sufficient, the factual part of an information must provide reasonable cause to believe that the defendant committed the offense charged, and the nonhearsay allegations must establish, if true, every element of the offense charged (CPL 100.40 [1] [b], [c]). An information which fails to satisfy these two requirements is jurisdictionally defective and subject to dismissal pursuant to CPL 170.30 (1) (a); 170.35 (1) (a). (People v Alejandro, 70 NY2d 133 [1987].)
The defendant is charged in the instant information with going to the Sheraton Hotel, at 811 Seventh Avenue, on May 27, 1992, in knowing violation of an order of the court issued in connection with docket No. 92N036884 which directed him to stay away from that location. On May 5, 1992, defendant entered a plea of guilty in that case to a charge of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), a class A misdemeanor, and was sentenced to a conditional discharge. In connection with, and as a condition of that sentence, the court issued a form order of protection, which was endorsed to read, "Stay away from the home, school, business or place of employment of (specify victim): Sheraton Hotel.” Defendant now contends that this order of the court was unenforceable in that the court improperly issued an order of protection to direct defendant to stay away from a place rather than a victim of a crime as provided in CPL 530.13 (4) (a).
"In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect.” (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983].)
The People’s position that the court could have issued an order of protection to the security guard who was the witness in the case is unavailing since the court did not do so. The question presented here is whether the court’s issuance of an order of protection which directed defendant to stay away from a place rendered said order unenforceable.
CPL 530.13 (4) is intended to protect victims of crimes from threats or intimidation by persons convicted of such crimes. The court here used a form designed as an order of protection to order the defendant to stay away from the scene of the crime. There is no reason to assume the court intended by this order to protect a person. Rather, the court clearly intended to *432 keep the defendant from returning to the hotel where he had committed the theft.
Penal Law § 65.10 (1), which provides for the sentence of a conditional discharge, authorizes a court to impose specific conditions which the court, "in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.” It is apparent that the court here believed that defendant’s exclusion from the Sheraton Hotel, the place where he committed this crime, was necessary to defendant’s rehabilitation. (Penal Law § 65.10 [2] [l].) Thus, this order was clearly authorized and proper. That the court used a form on which to record that order intended to protect persons, not places, does not invalidate the order.
The court finds the information here sufficient to charge the crime of contempt in that the order was lawful and its mandate unequivocal. Thus, defendant’s motion to dismiss is denied.