OPINION OF THE COURT
James J. Battisti, Jr., J.
Defendant raises a threshold objection to a violation of probation filed by the Probation Department.
*50 Defendant was convicted on April 6, 1993 on his plea of guilty to criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) and sentenced as a first felony offender on May 11, 1993 to a term of four months’ intermittent imprisonment concurrent with a term of five years’ probation.
On July 19, 1994 defendant entered a plea of guilty to assault in the third degree in Catskill Village Court in satisfaction of several pending charges, and received an intermittent sentence in the Greene County Jail. It is undisputed that, as part of the plea negotiations in the local criminal court, the Assistant District Attorney and the Assistant Public Defender agreed that defendant would not be subjected to a probation violation in County Court as a result of his plea in Village Court. The sentence of the local criminal court Justice expressly purported to provide, in part, that "this sentence specifically excludes/prohibits a violation of probation charge.” It is also undisputed that no member of the Probation Department was consulted in respect to the proposed disposition in Justice Court, nor did any member of the Probation Department express any committment to refrain from filing a violation of probation based on the local criminal court conviction.
On July 19, 1994 following the proceedings in Justice Court, the Probation Department filed a uniform court report alleging the Justice Court conviction as a violation of the terms of defendant’s County Court probationary sentence. A warrant for probationer was issued by this court on July 25, 1994 and on August 4, 1994 defendant was brought before the court, represented by counsel. Also present were the defendant’s probation officer and the Director of Probation. The District Attorney’s office was not present.
The defendant argues that the terms of his plea bargain entered into in Justice Court preclude the People, whether represented by the District Attorney or by the Probation Department, from pursuing this violation, and that lack of communication between the District Attorney’s office and the Probation Department should not inure to his detriment. The Probation Department argues that they are not bound by the District Attorney’s representations to defendant in lower court, that they have an independent duty to supervise defendant’s probation and to recommend revocation if appropriate in their judgment, that this court is not constrained in its supervision of defendant by any agreement between defendant and the *51 People, and that this court has the responsibility and authority to entertain this violation of probation. Probation also asserts that defendant was improperly sentenced as a first felony offender, that he has in fact a predicate felony conviction, and that he should never have been sentenced to probation in the first place. The court by letter dated August 10, 1994 requested the District Attorney to state his position with respect to this proceeding, and has as yet not received a response to its letter.
The first step is to determine what agency or agencies have authority to initiate and prosecute probation violations. The only guidance available from case law suggests that either the District Attorney or the Probation Department may present evidence at a probation revocation hearing.
The Court of Appeals has held that a Probation Department does not exceed its authority when it acts as counsel in revocation hearings. In so holding, the Court stated that a District Attorney may present evidence of an alleged probation violation, but participation as counsel by the Department of Probation does not usurp any exclusive authority vested in the District Attorney. (Matter of Darvin M. v Jacobs, 69 NY2d 957, 958-959; see, Executive Law §§ 243, 255 [3]; CPL 410.70; 9 NYCRR 352.1 [e]; 352.3 [b] [2]; 352.4 [a] [1]; 355.3 [b] [1].)
If, as it appears, either authority is permitted by law to act, there is potential for conflict, as has occurred in this case. Where the District Attorney has promised a defendant his prior probation sentence will not be violated, does his promise bind the Probation Department? If so, then what of the independent duty of the Probation Department to supervise its probationers? If it does not, then what of fairness to a defendant who rightly expects the People of the State of New York to speak to him with but a single voice?
In a criminal action, it would be intolerable for there to be more than one entity with authority to dictate the course of the prosecution. For this reason, County Law § 700 (1) imposes on the District Attorney the duty "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county of which he shall have been elected or appointed”. In criminal prosecutions, the People are held to speak with one voice, and that voice is the District Attorney’s.
However, the Court of Appeals has plainly stated that a violation of probation giving rise to revocation proceedings is not a "crime” or "offense” which, pursuant to the County Law, must be prosecuted by a District Attorney. Nor is a revocation proceeding a "criminal action” under the CPL at which a *52 "prosecutor” represents the People. A "criminal action” terminates upon sentencing. A probation revocation, in contrast, is a "criminal proceeding” brought after the completed "criminal action” (see, CPL 1.20 [18]). Its purpose is to determine if defendant’s subsequent acts violate the conditions of the original sentence, not whether the acts constitute a crime. (Matter of Darvin M. v Jacobs, supra.)
A person serving a sentence of probation is in the legal custody of the court that imposed sentence (CPL 410.50 [1]). It is the Probation Department serving the sentencing court, not the District Attorney, that has the primary duty of supervising the defendant during the period of such legal custody (CPL 410.50 [2]). If at any time during the period of a sentence of probation the court has reasonable cause to believe that the defendant has violated a condition of the sentence, the court may declare the defendant delinquent and file a written declaration of delinquency (CPL 410.30). The required hearing on a violation is a summary one by the court without a jury, and at such hearing the court may receive any relevant evidence not legally privileged. A finding that the defendant has violated a condition of his sentence need be based only on a preponderance of the evidence, not on proof beyond a reasonable doubt (CPL 410.70 [3]).
The court therefore holds that neither the promise of the Assistant District Attorney nor the terms of the Justice Court’s sentence in any way binds the Probation Department or this court in the supervision of defendant’s probationary term. The court therefore takes cognizance of the violation filed by the Probation Department, and will proceed to conduct a hearing, with the provisos set forth below.
With respect to the statements made by probation regarding the validity of defendant’s probationary sentence, the court notes that a sentence invalid as a matter of law may be corrected through notice by the director of the Probation Department to the District Attorney, followed by a motion by the People to set aside the sentence within one year after entry of judgment (CPL 440.60, 440.40 [1]). Since defendant was convicted in this court on April 6, 1993 and sentenced on May 11, 1993, however, it appears such a motion by the People now would be untimely.
More importantly, it appears that the representations made to defendant at the time of his plea in local criminal court that no probation violation would be filed may have been a material inducement for entry of the defendant’s plea. This court has *53 now ruled that promise unenforceable and indicated it will entertain the violation of probation based on the conviction. Under the circumstances there may be grounds for a motion by defendant to vacate his conviction and withdraw his plea, which if successful would negate the grounds alleged for the violation. Therefore, the court will stay further proceedings on this violation for a period of 30 days, to allow the defendant if he is so inclined to move in Catskill Village Court to vacate his plea.
In future, it would seem advisable that any plea promise such as the one here extended to the defendant include a statement on the record by the People that their promise is made with the consent and approval of both the supervising Probation Department and the court that issued the probationary sentence.