OPINION OF THE COURT
Renee A. White, J.
The defendant has been indicted for the crime of bail jumping in the second degree in violation of Penal Law § 215.56 based upon his failure to appear in court as required on a violation of probation. The defendant now moves to dismiss the indictment on the ground that the People cannot establish a necessary element of the offense, namely that the defendant *774 was to appear in court “in connection with a charge against him of committing a felony.” The People have subsequently filed a copy of the Grand Jury minutes for the court’s inspection to determine their legal sufficiency.
CPL 210.20 (1) (b) provides that the court may dismiss an indictment or any count where the evidence is insufficient to establish the offense charged or any lesser included offense. The proper standard for reviewing the sufficiency of the evidence to support an indictment is “legal sufficiency” which is defined in CPL 70.10 (1) as “competent evidence which, if accepted as true, would establish every element of an offense charged.” (See, People v Jennings, 69 NY2d 103, 114-116 [1986].) In the context of Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004 [1975]). In addition, the evidence must be examined in the light most favorable to the People in determining whether it is legally sufficient (People v Warner-Lambert Co., 51 NY2d 295, 298-299 [1980], cert denied 450 US 1031 [1981]).
The facts in the case are not in dispute. On May 22, 1995 the defendant pleaded guilty under the Martin Act to scheme to defraud, a violation of General Business Law § 352-c (5), the first count of the indictment. The defendant was subsequently sentenced on June 25, 1995 to a five-year term of probation with restitution in the amount of $53,000. However, the defendant failed to pay the restitution and a violation of probation was filed with this court.
On February 8, 2000 the defendant failed to appear on the violation of probation and a bench warrant was issued. On April 28, 2000 the People filed this instant indictment charging the defendant with bail jumping in the second degree based upon the defendant’s failure to appear on the violation of probation and an arrest warrant was issued. On May 11, 2000 the defendant was arrested pursuant to the warrant.
The novel issue presented, and apparently one of first impression, is whether a defendant who fails to appear in court as required on a violation of probation on an underlying felony may subsequently be charged with the crime of bail jumping in the second degree.
The defendant claims that his failure to appear on a violation of probation does not support a new charge of bail jumping in the second degree. The defendant asserts that a necessary element of the crime of bail jumping in the second degree dictates that a felony charge must be pending against the de *775 fendant. In reliance on the Court of Appeals decision Matter of Darvin M. v Jacobs (69 NY2d 957 [1987]), the defendant argues that a violation of probation is not a crime or offense, but merely gives rise to a revocation hearing and a possible enhanced sentence on the underlying charge which forms the basis of the violation. Accordingly, the defendant contends that as the underlying charge was already adjudicated, there is no pending felony on which the defendant failed to appear in court. The defendant further asserts that the presentment of this indictment does not reflect the intended purpose of the bail jumping statute and the use in this manner is a perversion of justice.
The People vehemently oppose the defendant’s motion and contend that a pending felony charge is not necessary to establish the offense of bail jumping in the second degree. The People assert that the statute merely requires that the defendant’s appearance be in “connection with a charge against him of committing a felony.” The People claim that the plain language of the statute mandates that a defendant is criminally responsible for the crime of bail jumping, regardless of when during the criminal proceeding he failed to appear in court as required. The People further argue that bail jumping in the second degree must extend to all criminal actions and proceedings including a violation of probation.
The court finds a brief review of the statutory scheme of the crime of bail jumping in the second degree is essential to resolve the issue. The former statute, as enacted and then reenacted, expressly applied only “in connection with a criminal action or proceeding” (see, Penal Law former § 205.35, added by L 1965, ch 1030, repealed and reenacted as Penal Law § 215.56, by L 1968, ch 510, §§ 1, 2). Indeed this specific language is now incorporated in Penal Law § 215.55, bail jumping in the third degree. In 1983 the present version of Penal Law § 215.56 was adopted, which substituted the language of “charge against him of committing a felony” for the former phrase of “criminal action or proceeding” (L 1983, ch 277, § 2). In addition, a new crime of bail jumping in the first degree, a class D felony, was enacted, and the two remaining crimes were renamed bail jumping in the second degree, a class E felony, and bail jumping in the third degree, a class A misdemeanor. The charges pending at the time the defendant fails to appear as required determine which degree of bail jumping may be applied (see, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.55, at 460).
*776 Penal Law § 215.57 provides: “A person is guilty of bail jumping in the first degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with an indictment pending against him which charges him with the commission of a class A or class B felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter” (emphasis added).
Penal Law § 215.56 provides: “A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter” (emphasis added).
Penal Law § 215.55 provides: “A person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within thirty days thereafter” (emphasis added).
The Court of Appeals in Matter of Natasha C. (80 NY2d 678 [1993]) addressed the statutory construction with respect to the crime of bail jumping in the second degree. Under such facts the juvenile respondents failed to appear as required before Family Court and bench warrants were issued. The respondents were returned to court involuntarily and the presentment agency subsequently filed petitions charging bail jumping in the second degree based upon the respondents’ failure to appear in court as required.
In dismissing the petition, the Court held that bail jumping in the second degree (Penal Law § 215.56) applies only to an adult facing criminal prosecution for a felony. The Court reasoned that the plain reading of the statute limits liability to only those individuals charged with a felony, and the respondents, as juveniles, were not charged with felonies.
In addition, the Court further discussed the Legislature’s intent with respect to the 1983 amendment of the statute which replaced the term “criminal action or proceeding” with “charge against him of committing a felony.” The Court stated, in *777 discussing the word “felony,” “when read together with Penal Law §§ 215.55, 215.56 and 215.57, and in light of the history of the statute, it is plain that ‘felony’ is used to calibrate the degree of bail jumping in a criminal action.” (Supra, at 682.)
A criminal action is defined in CPL 1.20 (16) which provides: “A criminal action * * * commences with the filing of an accusatory instrument against a defendant in a criminal court * * * and * * * terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.”
It is well established that a violation of probation which gives rise to a revocation proceeding is not a crime or an offense (Matter of Darvin M. v Jacobs, 69 NY2d 957 [1987], supra). “Nor is a revocation proceeding a ‘criminal action’ * * * [which] terminates upon sentencing * * * A probation revocation, in contrast, is a ‘criminal proceeding’ brought after the completed ‘criminal action.’” (Id., at 959.)
More recently the Court of Appeals in People v Wilder (93 NY2d 352 [1999]) held that the defendant was improperly convicted of bail jumping in the first degree and reduced the charge to the lesser included offense of bail jumping in the second degree. The defendant was arraigned in criminal court on a felony complaint on December 27, 1995 and released from custody on his own recognizance and directed to appear in court on February 23, 1996. In the interim the defendant was indicted. However, on February 23, 1996 the defendant failed to appear and a warrant was issued and stayed until March 8, 1996 without issuing a new securing order. The defendant was subsequently arrested and brought to court on May 16, 1996. Thereafter he was indicted for bail jumping in the first degree in connection with his failure to appear in court within 30 days after March 8, 1996.
The Court explained that the crime of bail jumping in the first degree is differentiated from the lesser offenses in that the court order that the defendant violated must have conditioned his release from custody, or continued liberty in connection with a pending indictment for a class A or B felony. When the defendant was originally released by court order on December 29, 1995 it was not on condition that he reappear in connection with a pending indictment as the indictment had not yet been returned. The Court stated: “Defendant’s failure to appear on March 8, 1996 therefore, could not trigger liability for first degree bail jumping, but only the lesser offense of second degree bail jumping, which requires that defendant failed to meet a *778 condition imposed in connection with a pending felony complaint.” (Id., at 359 [emphasis added].)
Based upon all the above the court finds that as a violation of probation is merely a criminal proceeding, and not a criminal action, as conceded by the People, the People have failed to establish a necessary element of the crime of bail jumping in the second degree. The court finds that the language of the statute requires that the defendant must be charged with a pending felony. This holding is further supported in the legislative history with respect to the 1983 amendment.
Indeed, in enacting the bill the Legislature determined that the proposed amendments would remedy the problem by providing for a weightier charge and sentence for the crimes of bail jumping. It was further their intent to protect the defendants with respect to the felony provisions of the statute (bail jumping in the first and second degrees) as such crimes were only triggered where indictments have already been returned or where a felony charge has been filed (see, Bill Jacket, L 1983, ch 277).
In conclusion, the court finds the evidence presented before the Grand Jury legally insufficient to establish the charge of bail jumping in the second degree. However, the evidence clearly supports the lesser included charge of bail jumping in the third degree, a class A misdemeanor, which applies not only to criminal actions, but also to criminal proceedings. Accordingly, the court reduces the charge to bail jumping in the third degree.