OPINION OF THE COURT
Craig J. Doran, J.
The appellant in the above-captioned action has filed a notice of appeal from the judgment of conviction of the Town Court, Town of Richmond, rendered on the 19th day of Janu *263 ary 2000, convicting the defendant of the crimes of criminal contempt in the second degree, in violation of section 215.50 (3) of the Penal Law, and harassment in the second degree, in violation of section 240.26 of the Penal Law. The court is in receipt of the parties’ respective briefs, both in support of, and in opposition to, the relief requested in this appeal. Oral argument was entertained by this court on January 14, 2003.
The appellant herein was convicted after a jury trial of criminal contempt. The trial court rendered a verdict of guilty to the charge of harassment in the second degree. Both verdicts were rendered on November 19, 1999.
For purposes of this appeal, the facts can be simply recited as follows: On May 26, 1998, the defendant herein was placed on conditional discharge for a period of one year upon his conviction of harassment in the second degree. Subsequent thereto, on January 13, 1999, an information was signed charging the defendant with harassment in the second degree in violation of section 240.26 of the Penal Law. The information was signed by an individual who alleged that the defendant threw three shovelfuls of snow at him. The arresting officer signed an information charging the defendant with criminal contempt in the second degree, in violation of section 215.50 (3) of the Penal Law. In the contempt information, it is alleged that the defendant “did commit the offense of Harassment in the Second Degree, which violates an order of conditional discharge ordered by the Richmond Town Court by Judge Levesque. The order was dated on 5/26/98. Expiration Date 5/26/99.”
A jury trial was held before the Honorable Edward P. Loux, Town Court Justice, Town of Richmond Justice Court, Ontario County, New York, on November 19, 1999. The jury returned a verdict of guilty on the contempt charge. The Judge returned a verdict of guilty on the harassment charge.
The defendant was sentenced to 60 days in jail, three years’ probation and fines and a surcharge in the amount of $445. The fines and surcharge were paid on July 8, 2000.
The defendant herein asserts a number of defects to the proceedings had herein and requests that the informations he dismissed.
Initially, this court must determine whether or not an alleged violation of a conditional discharge may form the basis for a charge of criminal contempt. For the reasons set forth below, this court determines that it cannot.
*264 A conditional discharge is a sentence which provides an offender an opportunity for rehabilitation, without institutional confinement, by requiring the offender to adhere to one or more of the conditions designed to further the offender’s rehabilitation (Penal Law art 65). A sentence of conditional discharge is a “revocable sentence” (Penal Law § 60.01 [2]). Depending on the circumstances, particularly the offender’s conduct, the sentence may be modified or revoked entirely and a new sentence imposed.
The Penal Law provides a statutory scheme for violations of the conditions imposed upon such a revocable sentence (see, CPL 420.10). Section 65.05 of the Penal Law provides that the court “may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge.”
Pursuant to CPL 410.70, an allegation that a provision of a conditional discharge order has been violated triggers a hearing. If a violation is found, the court may then sentence the defendant to a period of imprisonment that relates to the original underlying charge. In the instant case, the conditional discharge order related to a harassment violation that carried a maximum sentence of 15 days in jail.
Rather than adhering to the specific statutory procedure in place for supervision of conditional discharge orders, the defendant was instead charged with criminal contempt for violating the conditional discharge. By ignoring the statutory conditional discharge revocation procedure, the violation of the conditional discharge was elevated to the class A misdemeanor crime of criminal contempt. This resulted in the defendant being subjected to both a criminal prosecution and a possible maximum sentence of one year in jail.
This court determines that a violation of a conditional discharge order is not a crime or offense in its own right. The new harassment charge lodged against the defendant could have subjected the defendant to a violation of the conditional discharge order, but it should not have subjected him to the offense of criminal contempt in the second degree. For purposes of the issue presented herein, this court finds a sentence of conditional discharge highly analogous to a sentence of probation, pursuant to article 65 of the Penal Law. The Court of Appeals in Matter of Darvin M. v Jacobs (69 NY2d 957 [1987]) has held that a violation of probation giving rise to revocation proceedings is not a “crime” or “offense” in its own right, nor is *265 it a criminal action. The Court of Appeals in Matter of Darvin M. v Jacobs (supra at 959) determined that a probation revocation is a “criminal proceeding” brought after the completed “criminal action.” “Its purpose is to determine if defendant’s subsequent acts violate the conditions of the original sentence not whether the acts constitute a crime” (Matter of Darvin M. v Jacobs, supra at 959). Similarly, a violation of a conditional discharge, as presented herein, must be determined not to be a crime in and of itself, but rather a violation of a condition of the original sentence.
As such, a conditional discharge is a revocable sentence and not a lawful process or mandate of a court that upon which a criminal contempt charge may be premised.
Based upon the foregoing, this court determines that the charge of criminal contempt in the second degree was not proper and should be dismissed. The defendant’s conviction of the same shall be vacated.
With respect to the defendant’s conviction for harassment in the second degree, the defendant asserts that the information was jurisdictionally defective. This court determines that the information was not defective.
Given the court’s decision regarding the crime of criminal contempt, this court need not address the defendant’s argument that CPL 340.40 prohibited the bifurcated proceeding which took place in the instant matter. Harassment in the second degree, a violation, does not constitute an offense for which the defendant is entitled to a trial by jury.
With respect to the remaining issues, this court either finds them without merit, or moot in light of the findings made herein.
Based upon the foregoing, the judgment is hereby modified by reversing that part convicting defendant of criminal contempt in the second degree and vacating the sentence imposed thereon and, as modified, the judgment is affirmed.