OPINION OF THE COURT
Robert M. Stolz, J.
This case presents the question of whether an order of protection, purportedly issued pursuant to CPL 530.13, may lawfully *910 prohibit any contact between a criminal defendant and a place when that order neither identifies nor refers to a victim or a witness as those terms are used in that statute. More particularly, it raises the question of whether a violation of such an order may be prosecuted as a criminal contempt under Penal Law § 215.50 (3).
In this case, defendant was the subject of a temporary order of protection that directed him to stay away from the “Black Star Bar, 92 Second Avenue, New York, N.Y.” Defendant originally was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) for entering the bar contrary to that order.[1] Prior to trial, the People filed a prosecutor’s information containing the reduced charge of attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]). The trial took place before me without a jury. At the conclusion of all the evidence, the defendant moved for a trial order of dismissal on the ground that the order of protection was not a “lawful . . . mandate of a court” as that term is used in Penal Law § 215.50 (3). Decision was reserved so that the parties would have an opportunity to make written submissions. For the reasons set forth below, I find that the order of protection in question was not a lawful order and, accordingly, defendant’s motion is granted.
CPL 290.10 requires a court to issue a trial order of dismissal upon finding that the trial evidence is not legally sufficient to establish the offense charged or any lesser included offense. Legally sufficient evidence means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission of that offense. (CPL 70.10 [1].) In order to establish the offense charged in the prosecutor’s information, the People are required to establish that on a particular date a court issued a lawful mandate, that the defendant was aware of the mandate and that the defendant attempted to intentionally disobey that lawful mandate. (Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 70 NY2d 233 [1987]; People v Williams, 181 Misc 2d 415 [Crim Ct, Queens County 1999].) “In the absence of a specific valid order that has been disobeyed, there can be no contempt.” (Matter of Holtzman v Beatty, 97 AD2d 79, 82 [2d Dept 1983].)
*911 CPL 530.13 (1) (a) authorizes a court to issue a temporary order of protection in favor of the “victims of, or designated witnesses to” the offense with which a defendant is charged as a condition of pretrial release or release on bail. Thus, on its face the statute provides that these orders are explicitly for the protection of victims and designated witnesses.[2] While an order of protection may include a directive to stay away from the home, school, business or place of employment of a victim or designated witness (CPL 530.13 [1] [a]), there is no provision in the statute which authorizes the issuance of an order of protection in favor of a place. To hold such an order valid would be contrary to the plain meaning of the words used in the statute and would violate basic rules of statutory interpretation. “It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature . . . and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]).
The legislative history of orders of protection is consistent with the view that such orders are available only in favor of designated individuals[3] and not places. Thus, orders of protection first became available in Criminal Court in 1977 as part of legislation conferring concurrent jurisdiction on the Criminal and Family Courts over “family offenses.” (L 1977, ch 449.) Such orders previously were available only in Family Court. In 1981, orders of protection were extended to victims of crimes other than family offenses. (L 1981, ch 575.) Five years later such orders were extended to designated witnesses. (L 1986, ch 794.) There is nothing in these enactments, subsequent amendments or accompanying legislative and executive memoranda which reflects any legislative intent to extend the scope of such orders to encompass the protection of a place. To the contrary, the relevant legislative history reflects a clear intent to protect only people. “This bill also provides that orders of protection, now available only in Family Court, will be available in Crimi *912 nal Court as well. Thus, the victim of abuse will not be forfeiting this mechanism for protection by seeking recourse in a criminal court . . . [T]he order may be filed by the individual to be protected.” (Governor’s Mem approving L 1977, ch 449, 1977 McKinney’s Session Laws of NY, at 2501 [emphasis added].) “Orders of protection are intended to provide protection to persons who have been subjected to harassment or violence” (Governor’s Mem approving L 1988, ch 702, 1988 McKinney’s Session Laws of NY, at 2290 [emphasis added]) and “To assure protection to people who may be subjected to a dangerous or potentially explosive . . . situation.” (Mem of State Exec Dept, 1988 McKinney’s Session Laws of NY, at 2135 [emphasis added].) “Various courts . . . are empowered to issue ‘Orders of Protection’ to individuals, which are intended to protect individuals from bodily harm or annoyance from another.” (Mem of Div of State Police in support of L 1989, ch 164, 1989 McKinney’s Session Laws of NY, at 2097 [emphasis added].)
The only authority submitted by the People in support of the validity of an order of protection in favor of a place is People v Haynesworth (155 Misc 2d 430 [Crim Ct, NY County 1992]). That case is simply not on point. Haynesworth concerned the authority of a court to direct a defendant to stay away from the scene of a crime as part of a sentence of conditional discharge. Because the court had such authority, the Haynesworth court sustained the defendant’s contempt conviction, declining to invalidate the mandate simply because it was incorrectly written in the form of an order of protection.[4] The Haynesworth opinion, however, does not support the People’s position that an order of protection in favor of a place rather than a person, issued pursuant to CPL 530.13 in connection with a defendant’s *913 pretrial release, is a valid mandate, intentional violation of which would constitute contempt.[5]
The People’s alternative position that there existed a lawful mandate of the court requiring the defendant to stay away from the Black Star Bar based on the minutes of the court proceedings on August 21, 2003 is untenable. The relevant minutes reflect that the court advised the defendant that it was extending the order of protection, which directed the defendant to stay away from the Black Star Bar. There was no independent oral directive from the court directing the defendant to stay away from those premises. Moreover, even if there had been such an oral directive, the defendant was not charged with violating any such oral directive. To the contrary, the original information quite clearly charged the defendant with violating the order of protection issued on August 21, 2003 in favor of the Black Star Bar. Although the prosecutor’s information, filed immediately before trial, is broadly drafted, it is restricted to the factual allegations of the underlying accusatory instrument. (CPL 100.50 [2].) That instrument refers only to the written order of protection issued August 21, 2003.
In sum, because the order of protection in this case exceeded the scope of CPL 530.13, it was invalid. Since the People have failed to establish, prima facie, that the defendant attempted to violate a lawful mandate of the court, the defendant’s motion for a trial order of dismissal must be granted.

. Defendant also was charged with resisting arrest (Penal Law § 205.30), trespass (Penal Law § 140.05) and harassment in the second degree (Penal Law § 240.26 [1]). These charges were dismissed on the motion of the People.

. The statute also provides for orders in favor of specifically named members of the family or household of such victims or designated witnesses.

. While CPL 530.13 requires a victim or witness to be identified, this opinion should not be read to require that they be identified by name, when another description would provide sufficient notice of the protected party. Indeed, given the purpose of orders of protection, it sometimes may be both permissible and prudent to issue an order which preserves the anonymity of a protected party whose identity is not already known to the defendant.

. This is not to suggest, however, that the court in Haynesworth was necessarily correct in sustaining the defendant’s contempt conviction therein. In light of the Haynesworth court’s reasoning that the defendant in that case was bound by his sentence of a conditional discharge despite the fact that those conditions were recorded in an order of protection, it seems that the defendant in that case would have been more appropriately chargeable with violating the terms of his conditional discharge. Whether such a violation can also constitute a contempt is not before me. However, at least one court has ruled that a violation of a conditional discharge cannot constitute the basis for a charge of criminal contempt. (See People v Stefanello, 195 Misc 2d 262 [Ontario County Ct 2003], lv denied, 100 NY2d 624 [2003].)

. The case before me does not present the issue of whether a defendant may be directed to stay away from a particular place as a general condition of pretrial release or bail pursuant to CPL 510.30, a violation of which would constitute a basis for revocation of recognizance or bail pursuant to CPL 530.60.