OPINION OF THE COURT
Patricia M. Filiberto, J.
*776 The defendant was originally charged by felony complaint with robbery in the second degree (Penal Law § 160.10 [1]). At the time of arraignment on the felony complaint, a nonfamily temporary “stay away” order of protection was issued. Thereafter, pursuant to a negotiated agreement with the District Attorney’s Office the charge was reduced pursuant to GPL 180.50 to petit larceny and the defendant entered a plea of guilty thereto. Sentencing was adjourned for a period of one year; the defendant was placed on interim probation; and a new temporary “stay away” order of protection was issued. Both the original temporary order of protection (T.O.R) and the subsequent T.O.P were on the approved forms and neither contained any information regarding the victim/witness’ home, school, business or place of employment address. At the conclusion of the interim probation period the case was placed back on the calendar and the defendant applied to withdraw her guilty plea. The People joined in the application and it was granted. Pursuant to the original plea agreement, the People moved to reduce the misdemeanor charge to disorderly conduct (Penal Law § 240.20 [7]) and the defendant entered a guilty plea to the violation with a negotiated sentence of a conditional discharge and a “stay away” permanent order of protection. At the time of sentencing, defense counsel requested that the order of protection contain the specific addresses from which the defendant was to stay away. Counsel argued that in light of the fact that the defendant and the victim were strangers, the failure to include this specific information would violate the defendant’s due process rights and would render the order of protection invalid. The parties were given an opportunity to submit any authority they deemed relevant on this issue. The court is now in possession of both parties’ submissions.
Research has disclosed no New York appellate authority on the question of whether due process requires specific addresses be included in a stay away order of protection. Some local courts that have addressed the issue have held that the failure to include such information is a violation of due process because without such information the order is intolerably vague (see e.g. People v Freeman, 2001 NY Slip Op 40329[U] [Watertown City Ct, Nov. 2, 2001, Harberson, J.]).
The court notes that the defendant does not question the constitutionality of any specific statute herein; however, the court does recognize that an order issued pursuant to a valid statute that forms the basis of a subsequent criminal prosecution also must satisfy defendant’s due process rights under the *777 state and federal constitutions. The discreet issue raised herein is whether a nonfamily order of protection violates the defendant’s due process right to notice by not including the current address of the victim/witness’ home, school, business, or place of employment.
A determination of due process begins with the two-prong test set forth in People v Bright (71 NY2d 376 [1988]). The Court held therein that a statute must provide sufficient notice of what conduct is prohibited. In addition, the statute must not be written in such a manner as to permit or encourage arbitrary or discriminatory enforcement. However, as noted in People v First Meridian Planning Corp. (86 NY2d 608 [1995]), the vagueness doctrine does not judge statutes in the abstract, but rather in the “animating context of well-defined usage . . . and . . . court construction which determines its meaning” (People v First Meridian Planning, supra at 622, quoting Beauharnais v Illinois, 343 US 250, 253 [1952]).
In applying the Bright due process test to an order of protection, the court must balance the defendant’s due process rights with the purpose of the order — to protect the person in whose favor it is written. Therefore, as a foundation for the due process right to notice, the defendant must be informed, either orally or in writing, of the contents of the order and the conduct that it prohibits (People v McCowan, 85 NY2d 985, 987 [1995]).
On its face CPL 530.13 provides that orders of protection are explicitly for the protection of victims/witnesses. While an order may include a directive to stay away from the home, school, business, or place of employment of the victim/witness, there is no provision in the statute which authorizes the issuance of an order of protection in favor of a place. (See, CPL 530.13 [1] [a]; People v Smith, 4 Misc 3d 909, 911 [Crim Ct, NY County 2004].) The relevant legislative history reflects a clear intent to protect only people (People v Smith, supra at 911-912). Thus, in this court’s opinion, the plain language of the uniform form order of protection satisfies the first prong of the Bright due process test. The order provides clear notice to the defendant of the conduct that is prohibited. The order of protection requires the defendant to stay away from the protected victim/witness, wherever that person may be. In addition to requiring the defendant to stay away from the person of the victim/witness, the court may order the defendant to stay away from those locations that experience and common sense dictate the victim/witness is likely to be found on a regular and systematic basis, i.e., the home, *778 school, business, or place of employment of the victim/witness (see Crim Form 2 [Oct. 2002]). However, incorporated into each of those separate mandates is the inherent protective limitation that the defendant does not violate the order unless he/she is aware that a particular location is one that the order includes as a place that the victim/witness is likely to be. It is this requirement of knowledge which transforms an innocent act into an act which may be criminal. It is also this inherent requirement of knowledge that adequately satisfies the defendant’s due process right to notice of what conduct is prohibited, i.e., stay away from those places the defendant knows are the places the victim/witness is likely to be — his/her home, school, business, or place of employment. A defendant who gains knowledge of a victim/witness’ current or subsequent home, school, business, or place of employment address and knowingly appears at such location is in violation of the order.
Viewed in this light, the inclusion in the order of the actual addresses of these places is not required. It adds no permanent due process protection for the defendant while confusing the function of the order — to protect a particular person, not the current or subsequent location of his/her home, school, business or place of employment. Also, the inclusion of specific addresses in the order of protection overlooks a significant reality — people move frequently from homes, schools, businesses, and places of employment. The inclusion of current addresses in the order does not provide the intended due process protection to the defendant should the victim/witness move from one or more of the listed addresses, and it does not fulfill the intended purpose of the order to protect the victim/witness for the duration of the order. Moreover, to require the victim/witness to seek an amended order each time he/she moves, would require service upon the defendant for the amended order to be valid. This may be difficult, if not impossible, especially after the case is concluded, if the defendant has moved without providing a forwarding address. To require the protected party to seek an amended order each time he/she moves controverts the intended purpose of the order, i.e., the continuing protection of the victim/ witness for the life of the order. The defendant’s due process rights are sufficiently protected and the intent of the statute is better served if it is incumbent upon a defendant, who inadvertently enters a location and recognizes a protected party, to leave that location. This is the requirement of a “stay away” order of protection whether the defendant and the victim/witness are intimate partners or relative strangers.
*779 Turning to the second aspect of vagueness encompassed in the Bright test, the court concludes that an order of protection which lacks specific addresses is not written in a manner that permits arbitrary or discriminatory enforcement. The order still contains objective standards and guidelines to govern law enforcement. It directs specific conduct on the part of the defendant, i.e., to stay away from the victim/witness and/or the home, school, business, or place of employment of the victim/witness. An enforcement officer at the scene can ascertain the identity of the parties and/or whether the victim/witness is at his home, school, business, or place of employment. Moreover, to establish sufficient probable cause to arrest, an officer can determine from the facts and circumstances presented to him whether the defendant was aware of the victim/witness’ presence at the location or knew that the protected party was at his home, school, business, or place of employment. If the enforcement officer is satisfied that probable cause to arrest exists, then the requisite knowledge and intent sufficient to convict beyond a reasonable doubt must be proved at trial.
Further, assuming probable cause to arrest exists, detention of a defendant subsequent to arrest is governed by the multiple factors enumerated in CPL 510.30. The weight of the evidence against the defendant in the pending criminal action and any other factor indicating probability or improbability of conviction is but one factor in considering whether or not to set bail (CPL 510.30 [2] [a] [vii]). As long as there is probable cause to arrest, the fact that a defendant may be held in custody after an analysis of CPL 510.30 simply does not impinge on defendant’s due process rights.
There are two other considerations that influenced the court in reaching its decision. First, the Chief Administrator of the Courts of the State of New York is charged with the responsibility to provide uniform forms for orders of protection (CPL 530.13 [9]). The official Office of Court Administration form for nonfamily orders of protection contains no space for the inclusion of such addresses. While this fact is not completely dispositive of the issue, it does represent an official position taken by the Unified Court System and is entitled to great weight. In addition, the court notes that the official order of protection form for family offenses in criminal cases does contain a provision permitting a specified individual to enter a specific residence for the purpose of removing personal property. Clearly the inclusion of such a provision in the family offense form represents a rec *780 ognition that the inclusion of a specific residence address, already known to the defendant, does not lessen the protection intended for the protected party. Permission to return to the specific residence address, in the company of a police escort, to remove the defendant’s personal property does not constitute an increased danger to the victim and may increase enforceability of the order. The failure to include such a provision in the nonfamily order represents a further recognition that the inclusion of such a provision may represent a danger to the victim (see Catherine Klein and Leslye Orloff, Providing Legal Protection for Battered Women: An Analysis of State Statutes and Case Law, 21 Hofstra L Rev 801 [1993]). To reason otherwise would, also, authorize the release of the address of the “safe house” to which the victim/witness retreats under the canopy of due process rights.
Finally, the court notes that a number of states have promulgated laws which limit the inclusion of victims’ addresses in petitions for orders of protection, and in the orders themselves. For example, California Family Code Annotated § 6225 provides that in domestic violence cases a petition for an order is valid and an order is enforceable without explicitly stating the address of the petitioner or of the petitioner’s place of residence, school, employment, etc. General Laws of Rhode Island Annotated § 15-15-3 (b) provides that in abuse cases the plaintiff may move to have an address released; however, release is permitted only at the discretion of the court. Revised Code of Washington § 10.99.040 (1) (c) provides that in domestic violence cases the court shall waive any requirement that the victim’s location be disclosed except to the defendant’s attorney, with the caveat that the court may order the defendant’s attorney not to disclose it to the defendant. Also, Wisconsin Statutes Annotated § 813.125 (5m), which deals with harassment cases, provides that restraining orders issued shall not disclose the address of the alleged victim. To the court’s knowledge, none of these statutes has been invalidated on the ground that they violate the due process rights of the defendant.
Accordingly, the defendant’s application to include the victim’s home, school, business or place of employment addresses in a “stay away” order of protection is denied.