OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant is charged with one count of assault in the third degree, one count of menacing in the third degree, and one count of harassment in the second degree. According to the complaint, defendant and the complaining witness got into an *934 altercation at a bar and defendant struck the complaining witness, causing the complaining witness to suffer substantial pain from a laceration and fracture to her nose and to fear further physical injury.
At arraignment, defendant was released on her own recognizance, and the matter was adjourned in order to have the complaint converted into a misdemeanor information. At this point the People requested the court to issue a temporary order of protection for the complaining witness, to which defendant objected. The rationale for defendant’s objection is that the complaining witness happens to be a police officer who, defendant feels, is capable of protecting herself. The court notes that at the time of the occurrence the complaining witness was not in uniform and defendant was unaware that the complaining witness was a member of the police force.
The court granted the People’s request for the temporary order of protection, and issues this decision to clarify its position.
Pursuant to section 530.13 (1) of the CPL, “[w]hen any criminal action is pending . . . the court . . . may for good cause shown issue a temporary order of protection as a condition of a pre-trial release, or as a condition of release on bail or an adjournment in contemplation of dismissal.”
Courts havé consistently held that the purpose of issuing an order of protection is to protect victims of crimes (People v O’Connor, 242 AD2d 908 [4th Dept 1997]). In analyzing the legislative history of the enactment of section 530.13 of the CPL, an adjunct to section 530.12 that provides for orders of protection for victims of domestic violence, the court in People v Smith (4 Misc 3d 909 [Crim Ct, NY County 2004]) indicated that orders of protection are intended to provide protection to persons who have been subjected to harassment or violence. Such orders assure protection to people who might be subjected to a dangerous or potentially explosive situation, and are intended to protect individuals from bodily harm or annoyance from another. (Id.)
The legislative history of section 530.13 of the CPL further indicates that the statute was necessary in response to legislative findings that victim and witness intimidation by defendants released on bail or on their own recognizance was a significant problem for prosecutors (People v Koertge, 182 Misc 2d 183 [Dist Ct, Nassau County 1998]).
The critical factor for a court in determining whether to issue a temporary order of protection under CPL 530.13 is the *935 defendant’s status as a charged offender and the pendency of the action. The issuance of a temporary order of protection is predicated upon the court’s continuing jurisdiction over the accused and the concomitant desire to exercise a modicum of control over the defendant’s actions and behavior (People v Bleau, 276 AD2d 131 [3d Dept 2001]).
Nowhere does the court find any legal or judicial authority or mandate that limits its ability to issue a temporary order of protection based on the status of the victim. This court finds it abhorrent to believe that only certain victims should be granted the protection of the court’s jurisdiction whereas other victims should be left to their own devices with respect to protecting themselves against harassment, menace or violence. The purpose behind the issuance of a temporary order of protection is to assure victims, regardless of their strength or training, that, if threatened, they have immediate recourse to the court. Any other result would be inimicable to the American concept of equal justice.
Consequently, under the circumstances specified in the complaint, the court could engage in no other action but to grant the People’s request to issue a temporary order of protection in favor of the victim, regardless of her status as a police officer.